| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EGOROV DMITRIY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KUCHUR BELLA,<br><br>　　　　Defendant. | No. 2:20-cv-10-TLN-KJN PS<br><br><u>ORDER TO SHOW CAUSE<br>WHY PLAINTIFF SHOULD NOT BE<br>DECLARED A VEXATIOUS LITIGANT</u> |

  Plaintiff Egorov Dmitriy, proceeding without counsel, commenced this action and requested leave to proceed in forma pauperis. (ECF Nos. 1, 2.)

  After a review of the Court's records, the undersigned finds Plaintiff to be a repeat, serial litigant whose actions have made it clear that he will only continue to abuse the judicial process and inundate this court with frivolous complaints that do nothing but strain the court's limited resources. Therefore, Mr. Dmitriy is ordered to show cause why he should not be declared a vexatious litigant. This designation may be accompanied by a pre–filing order restricting his ability to file new cases, requiring that he post security in order to maintain cases, or a limiting of the number of motions he may maintain in a single case.

  Plaintiff may respond to this order by filing a written response before February 27, 2020. Additionally, Plaintiff is ordered to appear at a hearing on Thursday, March 12, 2020, at 10:00 A.M., in Courtroom 25 regarding this matter.

1

**Background**

On August 28, 2019, Mr. Dmitriy filed this action against Kuchur Bella under 18 U.S.C. § 241 of the criminal code. (ECF No. 1.) The complaint is largely unintelligible, but appears to seek damages against Kuchar regarding Dmitriy's mother's housing. The Complaint also references another case of Mr. Dmitriy's in which Magistrate Judge Claire allegedly "refuse to pay relocation money assistance to mother petitioner in order continue neurological damage in USA . . . ." The Complaint appears to seek $50,000 in damages from either Kuchar or the Slavic Community Center (a possible third party), as well as 999 trillion dollars from the Court.

Pursuant to 28 U.S.C. § 1915, the Court screened Plaintiff's complaint. A review of the Court's docket reveals that since 2014, Mr. Dmitriy has filed 33 cases in this district wherein he proceeds pro se and requests a waiver of the filing fees.[1] As shown in more detail below, none of Dmitriy's cases has progressed past the Court's screening process, and a majority of these actions have been dismissed as frivolous, vague, unintelligible, fanciful, or delusional.

**Legal Standard**

District courts have power under the All Writs Act, 28 U.S.C. § 1651(a), to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). "[S]uch pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148. Before entering a pre-filing order, the court is to: (I) give the litigant notice and a chance to be heard before the order is entered; (II) compile an adequate record for review; (III) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (IV) narrowly tailor the vexatious litigant order "to closely fit the specific vice encountered. Molski, 500 F.3d at 1057. The first and second factors "are procedural considerations"; the third and fourth factors "are substantive

---

[1] The Court is aware that at times Plaintiff files his complaints under the name "Dmitriy Yegorov." Accordingly, it takes judicial notice of the cases under the name "Yegorov."

considerations" that help the district court "define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior without unduly infringing the litigant's right to access the courts." Id. at 1057-58. As to the substantive factors, the Ninth Circuit has found a separate set of considerations (employed by the Second Circuit Court of Appeals) provide a helpful framework. Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (citing Molski, 500 F.3d at 1058). They are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
> (3) whether the litigant is represented by counsel;
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
> (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

Additionally, the Eastern District has adopted California's "vexatious litigant" laws. See Local Rule 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8). These laws were "designed to curb misuse of the court system by those persistent and obsessive litigants who repeatedly litigate[] the same issues through groundless actions, waste the time and resources of the court system and other litigants." Shalant v. Girardi, 51 Cal. 4th 1164, 1169 (2011). The vexatious–litigant statute "provide[s] courts and nonvexatious litigants with two distinct and complementary sets of remedies." Id. at 1171. First, a plaintiff may be required to furnish security, meaning a requirement for the litigant to "assure payment . . . of the party's reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391. If the plaintiff fails to furnish the security, the action will be dismissed. Id. Second, the court may impose a prefiling order that prevents a plaintiff from filing any new case in propria persona. Id. (citing Cal. Civ. Proc. Code § 391.7).

**Analysis**

Mr. Dmitriy's litigation history demonstrates a pattern of frivolous and harassing complaints that calls for him to be deemed a vexatious litigant. De Long, 912 F.2d at 1146.

3

a. Notice and Opportunity to Be Heard

Procedural due process is satisfied where the court notifies the litigant it is considering a vexatious litigant order, provides details about the scope of the proceedings, and allows for the litigant to respond to the court's concerns. Ringgold-Lockhart, 761 F.3d at 1063.

By issuing this order to show cause, the Court is notifying Mr. Dmitriy it is considering deeming him a vexatious litigant, and is considering entering a comprehensive pre–filing order for him. The scope of the potential pre–filing order is described in Section D below. Given that the bulk of this Court's recent service in Mr. Dmitriy's other cases was returned as undeliverable, the undersigned not only orders the Clerk of this Court to serve this order on the address listed in Mr. Dmitriy's complaint, but also to have the order served on Mr. Dmitriy at the public counter.

The Court grants Mr. Dmitriy leave to file written opposition to this order stating his arguments for why he should not be declared a vexatious litigant. This filing should be submitted to the Court no later than February 27, 2020. Further, the Court orders Mr. Dmitriy to appear at a hearing on this matter, set for Thursday, March 12, 2020, at 10:00 A.M., in Courtroom 25.

b. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." De Long, 912 F.2d at 1147. A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. Ringgold-Lockhart, 761 F.3d at 1063. Here, Mr. Dmitriy has filed at least 33 actions in this Court since 2014—almost half of which were filed in the past two years.[2]

---

[2] See Yegorov v. Bel Air Company, 2:14-cv-01852-MCE-CKD (PS); Yegorov v. Counsulate of Ukraine in San Francisco, 2:14-cv-01886-KJM-EFB (PS); Yegorov v. McBrien, 2:14-cv-02106-JAM-CKD (PS); Yegorov v. Roman, 2:14-cv-02119-GEB-AC (PS); Yegorov v. Buchkovskaya, 2:14-cv-02185-KJM-DAD (PS); Yegorov v. United States of America, 2:14-cv-03003-TLN-AC (PS); Yegorov v. Zigaylo, 2:15-cv-00664-TLN-EFB (PS); Yegorov v. Kramer, 2:15-cv-01042-TLN-GGH (PS); Yegorov v. Walmart, 2:15-cv-01065-GEB-AC (PS); Yegorov v. Goodwill Industries, 2:15-cv-01066-KJM-AC (PS); Yegorov v. Ray, 2:15-cv-01279-KJM-CKD (PS); Yegorov v. Carmichael Adventist Church, 2:15-cv-01543-TLN-CKD (PS); Yegorov v. President Seventh-Day Adventist Church, 2:15-cv-01692-MCE-AC (PS); Yegorov v. Secret Service, 2:15-cv-01693-JAM-CKD (PS); Yegorov v. Owens et al, 2:16-cv-02576-JAM-DB (PS); Yegorov v. Government USA, 2:17-cv-01109-MCE-CKD (PS); Yegorov v. Government USA, 2:17-cv-

c.  The Frivolous or Harassing Nature of Dmitriy's Litigation

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." De Long, 912 F.2d at 1148. The Ninth Circuit has adopted the Second Circuit's framework on this prong, which requires the court to consider the litigants history, motives, representation by counsel, as well as the expense to others or burdens on the court and the possibility of other sanctions. Ringgold-Lockhart, 761 F.3d at 1062; Molski, 500 F.3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). As described below, the weight of these considerations supports a substantive finding that Mr. Dmitriy has engaged in frivolous and harassing behavior by filing the lawsuits listed in footnote 2, such that the third De Long factor favors instituting a pre–filing order.

> i. *Dmitriy's history of vexatious, harassing lawsuits.*

Mr. Dmitriy has filed at least 33 actions in this court since 2014, nearly half of which have come in the past two years alone. Courts in this district have screened each of these complaints, as Mr. Dmitriy has submitted a motion to proceed in forma pauperis in every case he has filed. See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). So far, every single complaint that has been processed has been dismissed at screening—many because he asserts "frivolous" claims.

///

---

01110-MCE-GGH (PS); Yegorov v. Government USA, 2:17-cv-01111-JAM-GGH (PS); Yegorov v. Dzyba, 2:19-cv-01110-MCE-AC (PS); Yegorov v. Baker 2:19-cv-02337-MCE-EFB (PS); Yegorov v. Daniil, 2:18-cv-00601-MCE-GGH (PS); Yegorov v. Sutter Hospital, 2:18-cv-00609-TLN-AC (PS); Yegorov v. Hutchenson, 2:18-cv-01095-TLN-DB (PS); Yegorov v. Interpol US, 2:18-cv-01558-KJM-CKD(PS); Yegorov v. Japan, 2:18-cv-01731-KJM-CKD (PS); Yegorov v. Switzerland, 2:18-cv-01733-KJM-DB (PS); Yegorov v. Spain, 2:18-cv-01732-KJM-EFB (PS); Yegorov v. Great Britain, 2:18-cv-02840-TLN-EFB (PS); Yegorov et al v. Welby, 2:19-cv-00720-KJM-CKD (PS); Yegorov v. Becerra, 2:19-cv-01685-MCE-AC (PS); Dmitriy v. Vladislava 2:20-cv-00009-JAM-AC (PS); Dmitriy v. Bella, 2:20-cv-00010-TLN-KJN (PS); Dmitriy v. Yuriy, 2:20-cv-00011-JAM-AC (PS).

In the vast majority of his actions where the complaint was intelligible, Mr. Dmitriy has asserted claims under 18 U.S.C. (the criminal code), which cannot be maintained by private citizens. See Allen v. Gold Country Cascino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). In many of the screening orders dismissing his case, courts in this district have told Mr. Dmitriy as much.[3] Despite this explanation, he continues to file cases asserting claims under 18 U.S.C.—including this case. Many of these cases were determined to be too incoherent to state a cause of action at all, and were dismissed at screening.[4]

In many of Mr. Dmitriy's actions, the court explicitly dismissed the complaint as "frivolous" or gave Mr. Dmitriy leave to file an amended complaint because the complaint was too incoherent to even determine frivolity, which the undersigned construes as ultimately frivolous in nature.[5] In a majority of Mr. Dmitriy 's actions, he requests damages somewhere between 9 and 999 trillion dollars. See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider."); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

---

[3] See, e.g., Yegorov v. Hutchenson , 2:18-cv-01095-TLN-DB (PS), ECF No. 3 at 3 ("These criminal provisions, however, provide no basis for civil liability."); Yegorov v. Great Britain, 2:18-cv-02840-TLN-EFB (PS), ECF No. 3 at 2 ("Plaintiff, however, cannot state a claim for violation of 18 U.S.C. § 241, a criminal statute that does not provide a private right of action.").

[4] See Yegorov v. Roman, 2:14-cv-02119-GEB-AC (PS); Yegorov v. Walmart, 2:15-cv-01065-GEB-AC (PS), ECF No. 3 at 2 ("Plaintiff's complaint contains sentences that are largely incomplete and/or incoherent, making it impossible to discern any basis for the court's subject matter jurisdiction.")

[5] See, e.g., Yegorov v. Switzerland, 2:18-cv-01733-KJM-DB (PS), ECF No. 3 at 3 ("not only does the complaint fail to state a claim, but the complaint's allegations are also delusional and frivolous."); Yegorov v. Hutchenson , 2:18-cv-01095-TLN-DB (PS)(dismissed for, amongst other reasons, frivolity).

Finally, the undersigned notes that in multiple of Mr. Dmitriy's actions, although courts granted his leave to amend, he failed to do so.[6] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

Thus, the above record supports a substantive vexatious finding, given Mr. Dmitriy's history of frivolous and harassing litigation. Molski, 500 F.3d at 1059 ("Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions.").

          *ii.     Mr. Dmitriy's lack of objective good faith expectation of prevailing.*

Courts in this district have screened 33 of Mr. Dmitriy's complaints since 2014. Therein, Mr. Dmitriy has been informed in an overwhelming majority of these cases of the following:

    a. He cannot raise claims under the federal criminal code (18 U.S.C.);
    b. To maintain claims in federal court, he must follow the Federal Rules of Civil Procedure, including Rule 8(a)'s requirement to lodge a "short and plain statement" of his claim, with factual allegations connecting the particular defendants with the causes of action he intends to assert; and
    c. Federal courts do not have subject matter jurisdiction over frivolous, fanciful, or delusional claims.

Despite these warnings and guidance, as well as these courts' liberal granting of leave to amend, Mr. Dmitriy continues to file baseless, fanciful, delusional, and frivolous claims. Thus, the undersigned sees no possible way a litigant in Mr. Dmitriy's position could maintain a good–faith expectation of prevailing in his actions.[7] See Endsley v. California, 2014 WL 5335857

---

[6] See, e.g., Yegorov v. Owens et al., 2:16-cv-02576-JAM-DB (PS); Yegorov v. Government USA, 2:17-cv-01109-MCE-CKD (PS).

[7] The undersigned also intends to ask Mr. Dmitriy of his motives in filing so many baseless cases.

7

(C.D. Cal. Oct. 16, 2014) (aff'd in part, Endsley v. California, 627 Fed App'x 644 (9th Cir. 2015)) (civil detainee declared a vexatious litigant after bringing numerous cases alleging the same constitutional "violations;" the court found Plaintiff could not have had an "objective good faith expectation of prevailing" on claims he had already been told were not cognizable). Thus, this factor supports a substantive finding about the frivolous or harassing nature of Mr. Dmitriy's litigation tactics, favoring a finding that he be declared a vexatious litigant.

       *iii.* *Mr. Dmitriy's lack of counsel.*

In every one of the actions Mr. Dmitriy filed since 2014, he has proceeded pro se and requests the court waive fees due to his poverty. Though courts are generally protective of pro se litigants, the undersigned finds this factor cannot outweigh Mr. Dmitriy's abusive litigation tactics—especially since courts in this district have, for over five years, liberally construed his complaints, granted him leave to amend, and provided him with guidance on the standards for bringing cases in federal court—guidance he has failed to heed.

       *iv.* *Mr. Dmitriy has posed an unnecessary burden on the courts and their personnel.*

Of Mr. Dmitriy's 33 complaints filed in this court since 2014, roughly half have come in the past two years alone. Mr. Dmitriy's abusive tactics have imposed an unnecessary burden on the personnel of this court. Employees in the Clerk's office continually scan and file his frivolous complaints and motions, which judges in this court must review (and given his history, dismiss); the Clerk's office must then mail out these orders. In a majority of those instances, the mail is returned as undeliverable, requiring the court to track him down, notify him of his duty to keep his address current, and send more notices to defunct addresses.

Thus, unless the court halts Mr. Dmitriy's actions, his abusive tactics will continue to pose an unnecessary burden on the court and its personnel. See Spain v. EMC Mortg. Co., 2010 WL 3940987, at *12 (D. Ariz. Sept. 27, 2010), aff'd sub nom. Spain v. EMC Mortg. Corp., 487 F. App'x 411 (9th Cir. 2012) (finding unnecessary burden where the litigant persistently filed motions and other submissions that were baseless, causing unnecessary expense to the parties and

8

needless burden on the courts).

    *v.*  *The inadequacy of lesser sanctions*

Under 28 U.S.C. § 1915(e)(2), courts in this district have screened Mr. Dmitriy's complaints for frivolous claims, claims that fail under Rule 8, and claims asserted against immune defendants. In many of those instances, the court has instructed Mr. Dmitriy on how to amend to state a claim and granted his leave to amend.[8] However, Mr. Dmitriy has not once successfully filed an amended complaint. Given Mr. Dmitriy's consistent use of the in forma pauperis motion, it is unlikely monetary sanctions would be an effective deterrent to his abusive filing behavior.

Thus, the undersigned has concluded that the only way to end Mr. Dmitriy's abusive and frivolous litigation is to institute a restrictive pre–filing order. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) ("[W]hen there is . . . conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should [take this course]."); but see Spain, 2010 WL 3940987, at *12 ("Especially because plaintiff has not heeded any of this court's prior warnings regarding the manner in which he has conducted this litigation, the need for a carefully circumscribed pre-filing order is readily apparent.").

  d. Narrowly Tailored Vexatious Litigant Order

The Ninth Circuit has approved vexatious litigant orders because they prevent a plaintiff from filing "only the type of claims [he] had been filing vexatiously," and "because it will not deny [him] access to courts on any . . . claim that is not frivolous." Molski, 500 F.3d at 1061.

Under the contemplated pre-filing order, Mr. Dmitriy will not be permitted to initiate any new actions unless he submits alongside his complaint (a) a declaration under penalty of perjury explaining why he believes he has meritorious claims, and (b) a declaration listing all previous actions he has filed in this court or any other court, identifying named defendants and all claims made in the previous actions, certifying in each case that the defendants have not been sued before or that any claims against previous defendants are not related to previous actions, stating that the current claims are not frivolous or made in bad faith, and declaring that he has conducted

---

[8] See, e.g., Yegorov v. Counsulate of Ukraine in San Francisco, 2:14-cv-01886-KJM-EFB (PS); Yegorov v. United States of America, 2:14-cv-03003-TLN-AC (PS).

a reasonable investigation of the facts—an investigation which supports his claims. The Court is also contemplating requiring Mr. Dmitriy to submit security before service of process, barring his ability to file cases in propria persona, barring his use of the in forma pauperis motion, or limiting the number of other motions he may file pursuant to Local Rule 151(b) and Cal. Civ. Proc. Code § 391.

## **ORDER**

Accordingly:

1. Plaintiff is hereby ORDERED to show cause why he should not be declared a vexatious litigant under the Court's inherent powers or under California law;
2. Plaintiff is notified that under a vexatious litigant designation, a pre–filing order may be imposed, which may:
    a. restrict the filing of new cases via a pre–filing order;
    b. require security be posted to maintain cases; or
    c. limit the number of motions plaintiff may maintain in a single case, including a limitation on his use of the in propria persona motion;
3. Plaintiff may submit a written response to this order on or before February 27, 2020, at 4:00 P.M.;
4. Plaintiff is further ORDERED TO APPEAR at a hearing on this matter on Thursday, March 12, 2020, at 10:00 A.M., in Courtroom 25; and
5. The Clerk of the Court is directed to serve this Order on Mr. Dmitriy at the address listed on his Complaint in this action, and is further directed to serve him at the public counter when he next appears.

Dated: January 9, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dmit.10