UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EGOROV DMITRIY,<br><br>            Plaintiff,<br><br>   v.<br><br>KUCHUR BELLA,<br><br>            Defendant. | No. 2:20-cv-10-TLN-KJN PS<br><br><u>FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE AND TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT</u> |

      Plaintiff Egorov Dmitriy, proceeding without counsel, commenced this action and requested leave to proceed in forma pauperis. (ECF Nos. 1, 2.) After the court reviewed its records, the undersigned ordered plaintiff to show cause why he should not be declared a vexatious litigant. (ECF No. 3.) The court informed plaintiff of the potential consequences of such a designation, and set a briefing schedule and hearing date. (<u>Id.</u>)

      The court has reviewed plaintiff's complaint, and finds it fails for lack of subject matter jurisdiction. Thus, this action should be dismissed with prejudice. Further, the undersigned finds plaintiff to be a repeat, serial litigant whose actions have made it clear he will only continue to abuse the judicial process and inundate courts in this district with frivolous complaints that do nothing but strain the court's limited resources. Therefore, the undersigned recommends plaintiff be deemed a vexatious litigant, and recommends a pre–filing order be instituted against him.

///

1

**Background**[1]

On August 28, 2019, plaintiff filed this action against Kuchur Bella under Title 18 U.S.C. § 241 of the criminal code. (ECF No. 1.) The Complaint is largely unintelligible, but appears to seek damages against Kuchar regarding plaintiff's mother's housing. The Complaint also references another case of plaintiff's in which Magistrate Judge Claire allegedly "refuse to pay relocation money assistance to mother petitioner in order continue neurological damage in USA[.]" The Complaint appears to seek $50,000 in damages from either Kuchar or the Slavic Community Center (a possible third party?), as well as $999 trillion dollars from the court.

Pursuant to 28 U.S.C. § 1915, the court screened plaintiff's complaint. A review of the court's docket reveals that since 2014, plaintiff has filed over 30 cases in this district wherein he proceeds pro se and requests a waiver of the filing fees.[2] As shown in more detail below, none of plaintiff's cases has progressed past the court's screening process, and a majority of these actions have been dismissed as frivolous, vague, unintelligible, fanciful, or delusional. Further, in many of those cases, it appears plaintiff has been using an address that is not his own, causing the court's notices to flood the mail of the actual residents. (See, e.g., docket entry on January 22, 2020, "Mail Returned as Undeliverable"; Case No. 2:19–cv–1110, three "Undeliverable" entries.)

On January 9, 2020, the court ordered plaintiff to show cause why he should not be declared a vexatious litigant. (ECF No. 3.) Plaintiff was to respond in writing by February 27, 2020, and appear at a hearing on the matter on March 12, 2020. (Id.) On January 10, 2020, the court served the order to show cause on plaintiff. (See Docket Entry on 1/10/20.) Plaintiff did not respond in writing to the court's order, nor did he appear at the March 12 hearing.

///

---

[1] These facts are based on information contained in the Complaint, and on documents contained in the court's docket that are part of the public record—of which the undersigned takes judicial notice. See Fed. R. Evid. 201; Mir v. Little Co. of Mary Hosp., 844 F. 2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of [dismissal].")

[2] The court is aware that at times plaintiff files his complaints under the name "Dmitriy Yegorov." Accordingly, it takes judicial notice of the cases under the name "Yegorov."

**I.      Plaintiff's instant claims fail under the substantiality doctrine.**

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Here, plaintiff's Complaint is largely unintelligible, but appears to seek damages against defendant Kuchar under a section of the criminal code regarding plaintiff's mother's housing. (See ECF No. 1.) The Complaint also references another case of plaintiff's in which Magistrate Judge Claire allegedly "refuse to pay relocation money assistance to mother petitioner in order continue neurological damage in USA." The Complaint also seeks $50,000 from either Kuchar or the Slavic Community Center (a possible third party?), as well as $999 trillion dollars from the court.

The court notes multiple issues with plaintiff's Complaint. First, the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone

other than himself."). Correspondingly, a non-attorney has no authority to appear pro se as an attorney for others. C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987); see also Local Rule 183(a) ("Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual."). Plaintiff is not an attorney, and so cannot act in a representative fashion to bring claims on behalf of his mother[3] or anyone else—as this is the unauthorized practice of law. Second, plaintiff is a private citizen, and has no standing to prosecute any alleged crimes. See, e.g., Newman v. Caliber Home Loans, Inc., 2018 WL 3361442, *1 (S.D. Cal. July 10, 2018). Third, even if plaintiff's claims could be construed as civil claims, the court finds that plaintiff's allegations are implausible, frivolous, devoid of merit, and unsubstantial. Therefore, the court concludes that this action should be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine. Cook, 775 F.2d at 1035.

Although the court ordinarily grants leave to amend, especially with pro se litigants, the nature of plaintiff's Complaint here strongly suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Courts in this district (i) have informed plaintiff—many times before—that he cannot bring charges under the criminal code, and (ii) have dismissed these cases as frivolous. (See Section II.C. below.) Such prior frivolous actions further counsel against granting leave to amend.

**II.     Plaintiff should be deemed a vexatious litigant, and a pre–filing order should be imposed.**

**Legal Standard**

District courts have power under the All Writs Act, 28 U.S.C. § 1651(a), to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). "[S]uch pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious

---

[3] The court has previously found plaintiff's mother, Ms. Liudmyla Iegorova, to be a vexatious litigant. See Iegorova v. Feygan, 2019 WL 4929910, at *1 (E.D. Cal. Oct. 7, 2019), report and recommendation adopted, 2019 WL 5596478 (E.D. Cal. Oct. 30, 2019)

claims of other litigants." De Long, 912 F.2d at 1148.

Before entering a pre-filing order, a court is to: (A) give the litigant notice and a chance to be heard before the order is entered; (B) compile an adequate record for review; (C) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (D) narrowly tailor the vexatious litigant order "to closely fit the specific vice encountered. Molski, 500 F. 3d at 1057. The first and second factors are procedural considerations; the third and fourth factors are substantive considerations that help the district court "define who is, in fact, a 'vexatious litigant' as well as construct a remedy that will stop the litigant's abusive behavior without unduly infringing the litigant's right to access the courts." Id. at 1057-58. As to the substantive factors, the Ninth Circuit has found to be helpful an examination of the litigant's history, motives, representation by counsel, as well as the expense to others or burdens on the court and the possibility of other sanctions. Ringgold-Lockhart v. County of Los Angeles, 761 F. 3d 1057, 1062 (9th Cir. 2014); see also Safir v. U.S. Lines, Inc., 792 F. 2d 19, 24 (2d Cir. 1986)).

**Analysis**

**A. Notice and Opportunity to Be Heard**

Procedural due process is satisfied where the court notifies the litigant it is considering a vexatious litigant order, provides details about the scope of the proceedings, and allows for the litigant to respond to the court's concerns. Ringgold-Lockhart, 761 F.3d at 1063.

The court ordered plaintiff to show cause why he should not be declared a vexatious litigant. (ECF No. 3.) Plaintiff was notified of this order on January 10, 2020, but he neither filed a written response nor appeared at the March 3, 2020 hearing. Thus, because plaintiff was notified of the court's order to show cause, and because the court held its hearing on the OSC, the procedural duty on this first of the DeLong steps is met. 912 F.2d at 1146; Ringgold-Lockhart, 761 F.3d at 1063 (finding due process satisfied where the litigant was notified of the vexatious–litigant proceedings and appeared at a hearing on the matter).

**B. Adequate Record for Review**

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." De Long, 912 F.2d

| | |
|---|---|
| 1 | at 1147. A district court compiles a proper record for review where a complete list of the cases |
| 2 | filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. |
| 3 | Ringgold-Lockhart, 761 F.3d at 1063. |
| 4 | Plaintiff has filed over 30 actions in this court since 2014—almost half of which were |
| 5 | filed in the past two years.[4] As a general outline, the court notes that in a substantial majority of |
| 6 | these cases: (a) plaintiff attempts to assert claims under the criminal code; (b) courts in this |
| 7 | district have explicitly found his complaints to be legally frivolous; (c) when he has been given |
| 8 | leave to amend, he fails to do so; and (d) he consistently lists his address at places where he does |
| 9 | not reside. (See Section I.C.1, below, for further detail). This collection of plaintiff's cases is |
| 10 | more than adequate to provide the court with a record demonstrating his vexatious conduct. See |
| 11 | Molski, 500 F.3d at 1059 (finding the district court compiled a proper record for review where |
| 12 | "[t]he record before the district court contained a complete list of the cases filed by Molski in the |
| 13 | Central District of California, along with the complaints from many of those cases," and where |
| 14 | "[a]lthough the district court's decision entering the pre-filing order did not list every case filed by |
| 15 | Molski, it did outline and discuss many of them."). |

---

[4] See Yegorov v. Bel Air Company, 2:14-cv-01852-MCE-CKD PS; Yegorov v. Counsulate of Ukraine in San Francisco, 2:14-cv-01886-KJM-EFB PS; Yegorov v. McBrien, 2:14-cv-02106-JAM-CKD PS; Yegorov v. Roman, 2:14-cv-02119-GEB-AC PS; Yegorov v. Buchkovskaya, 2:14-cv-02185-KJM-DAD PS; Yegorov v. United States of America, 2:14-cv-03003-TLN-AC PS; Yegorov v. Zigaylo, 2:15-cv-00664-TLN-EFB PS; Yegorov v. Kramer, 2:15-cv-01042-TLN-GGH PS; Yegorov v. Walmart, 2:15-cv-01065-GEB-AC PS; Yegorov v. Goodwill Industries, 2:15-cv-01066-KJM-AC PS; Yegorov v. Ray, 2:15-cv-01279-KJM-CKD PS; Yegorov v. Carmichael Adventist Church, 2:15-cv-01543-TLN-CKD PS; Yegorov v. President Seventh-Day Adventist Church, 2:15-cv-01692-MCE-AC PS; Yegorov v. Secret Service, 2:15-cv-01693-JAM-CKD PS; Yegorov v. Owens et al, 2:16-cv-02576-JAM-DB PS; Yegorov v. Government USA, 2:17-cv-01109-MCE-CKD PS; Yegorov v. Government USA, 2:17-cv-01110-MCE-GGH PS; Yegorov v. Government USA, 2:17-cv-01111-JAM-GGH PS; Yegorov v. Dzyba, 2:19-cv-01110-MCE-AC PS; Yegorov v. Baker 2:19-cv-02337-MCE-EFB PS; Yegorov v. Daniil, 2:18-cv-00601-MCE-GGH PS; Yegorov v. Sutter Hospital, 2:18-cv-00609-TLN-AC PS; Yegorov v. Hutchenson, 2:18-cv-01095-TLN-DB PS; Yegorov v. Interpol US, 2:18-cv-01558-KJM-CKD PS; Yegorov v. Japan, 2:18-cv-01731-KJM-CKD PS; Yegorov v. Switzerland, 2:18-cv-01733-KJM-DB PS; Yegorov v. Spain, 2:18-cv-01732-KJM-EFB PS; Yegorov v. Great Britain, 2:18-cv-02840-TLN-EFB PS; Yegorov et al v. Welby, 2:19-cv-00720-KJM-CKD PS; Yegorov v. Becerra, 2:19-cv-01685-MCE-AC PS; Dmitriy v. Vladislava 2:20-cv-00009-JAM-AC PS; Dmitriy v. Bella, 2:20-cv-00010-TLN-KJN PS; Dmitriy v. Yuriy, 2:20-cv-00011-JAM-AC PS; Dmitriy v Eastern District Court, 2:20-cv-00076–KJM-DB PS.

**C. The Frivolous or Harassing Nature of Plaintiff's Litigation**

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." De Long, 912 F. 2d at 1148. Under the Ninth Circuit's framework, the court considers whether:

1) the litigant's history of litigation entails vexatious, harassing or duplicative lawsuits;
2) the litigant has an objective good faith expectation of prevailing?;
3) the litigant is represented by counsel;
4) the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
5) other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F. 3d at 1052 (citing Safir, 792 F.2d at 24).

As described in subsections 1–5 below, the weight of these factors supports a substantive finding that plaintiff— by filing the cases listed in footnote 4—has engaged in frivolous and harassing behavior, such that the third De Long step favors instituting a pre–filing order.

*1) Plaintiff's history of vexatious, harassing lawsuits*

Plaintiff has filed over 30 actions in this court since 2014, nearly half of which have come in the past two years. Courts in this district have screened each of these complaints, as plaintiff has submitted a motion to proceed in forma pauperis in every case he has filed. See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In the vast majority of his actions where the complaint was intelligible, plaintiff has asserted claims under 18 U.S.C. (the criminal code), which cannot be maintained by private citizens. See Allen v. Gold Country Cascino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). In many of the screening orders dismissing his case, courts in this district have told plaintiff as much.[5] Despite this, he continues to file cases.—

---

[5] See, e.g., Yegorov v. Hutchenson, 2:18-cv-01095-TLN-DB PS, ECF No. 3 at 3 ("These criminal provisions, however, provide no basis for civil liability."); Yegorov v. Great Britain, 2:18-cv-02840-TLN-EFB PS, ECF No. 3 at 2 ("Plaintiff, however, cannot state a claim for violation of 18 U.S.C. § 241, a criminal statute that does not provide a private right of action.").

including this case—in which he asserts claims under the criminal code. Many of these cases were determined to be too incoherent to state a cause of action at all, and were dismissed without leave to amend at the screening stage.[6]

In many of plaintiff's actions, the court explicitly dismissed the complaint as "frivolous" or gave plaintiff leave to file an amended complaint because the complaint was too incoherent to even determine frivolity, which the undersigned construes as ultimately frivolous in nature.[7] In a majority of plaintiff's actions, he requests damages somewhere between $9 and $999 trillion dollars. See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider."); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Finally, the undersigned notes that in multiple of plaintiff's actions, although courts granted his leave to amend, he failed to file amended complaints.[8] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil

---

[6] See Yegorov v. Roman, 2:14-cv-02119-GEB-AC PS; Yegorov v. Walmart, 2:15-cv-01065-GEB-AC PS, ECF No. 3 at 2 ("Plaintiff's complaint contains sentences that are largely incomplete and/or incoherent, making it impossible to discern any basis for the court's subject matter jurisdiction.")

[7] See, e.g., Yegorov v. Switzerland, 2:18-cv-01733-KJM-DB PS, ECF No. 3 at 3 ("[N]ot only does the complaint fail to state a claim, but the complaint's allegations are also delusional and frivolous."); Yegorov v. Hutchenson , 2:18-cv-01095-TLN-DB PS (dismissed for, amongst other reasons, frivolity).

[8] See, e.g., Yegorov v. Owens et al., 2:16-cv-02576-JAM-DB PS; Yegorov v. Government USA, 2:17-cv-01109-MCE-CKD PS.

procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

Thus, the above record supports a substantive vexatious finding, given plaintiff's history of frivolous and harassing litigation. Molski, 500 F.3d at 1059 ("Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions.").

*2) The lack of objective good faith expectation of prevailing*

Courts in this district have screened all of plaintiff's complaints since 2014. Therein, plaintiff has been informed in an overwhelming majority of these cases of the following:

a. He cannot raise claims under the federal criminal code (18 U.S.C.);
b. To maintain claims in federal court, he must follow the Federal Rules of Civil Procedure, including Rule 8(a)'s requirement to lodge a "short and plain statement" of his claim, with factual allegations connecting the particular defendants with the causes of action he intends to assert; and
c. Federal courts do not have subject matter jurisdiction over frivolous, fanciful, or delusional claims.

Despite these warnings and guidance, and despite the liberal granting of leave to amend, plaintiff continues to file baseless, fanciful, delusional, and frivolous claims. The undersigned sees no possible way a litigant in plaintiff's position could maintain a good–faith expectation of prevailing in his actions. See Endsley v. California, 2014 WL 5335857 (C.D. Cal. Oct. 16, 2014) (aff'd in part, Endsley v. California, 627 Fed App'x 644 (9th Cir. 2015)) (civil detainee declared a vexatious litigant after bringing numerous cases alleging the same constitutional "violations;" the court found plaintiff could not have had an "objective good faith expectation of prevailing" on claims he had already been told were not cognizable). Thus, this factor supports a substantive finding about the frivolous or harassing nature of plaintiff's litigation tactics, favoring a finding that he be declared a vexatious litigant.

*3) Plaintiff's lack of counsel*

In every one of the actions plaintiff filed since 2014, he has proceeded pro se and requests the court waive fees due to his poverty. Though courts are generally protective of pro se litigants, this factor cannot outweigh plaintiff's abusive litigation tactics—especially since courts in this

9

district have, for over five years, liberally construed his complaints, granted him leave to amend, and provided him with guidance on the standards for bringing cases in federal court—guidance he has failed to heed.

### 4) *The unnecessary burden on the courts and their personnel*

Of plaintiff's complaints filed in this district since 2014, roughly half have come in the past two years. Plaintiff's abusive tactics have imposed an unnecessary burden on the personnel of this court. Employees in the Clerk's office continually scan and file his frivolous complaints and motions, which judges in this court must review (and—given his history—dismiss); the Clerk's office must then mail out these orders. In a majority of those instances, the mail is returned as undeliverable, requiring the court to track him down, notify him of his duty to keep his address current, and send more notices to defunct addresses.

Thus, unless the court halts plaintiff's actions, his abusive tactics will continue to pose an unnecessary burden on the court and its personnel. See Spain v. EMC Mortg. Co., 2010 WL 3940987, at *12 (D. Ariz. Sept. 27, 2010), aff'd sub nom. Spain v. EMC Mortg. Corp., 487 F. App'x 411 (9th Cir. 2012) (finding unnecessary burden where the litigant persistently filed motions and other submissions that were baseless, causing needless burden on the courts).

### 5) *The inadequacy of lesser sanctions*

Under 28 U.S.C. § 1915(e)(2), courts in this district have screened plaintiff's complaints for frivolous claims, claims that fail under Rule 8, and claims asserted against immune defendants. In many of those instances, courts have instructed plaintiff on how to amend to state a claim and granted his leave to amend.[9] However, plaintiff has not once successfully filed an amended complaint. Given plaintiff's consistent use of the in forma pauperis motion, it is unlikely monetary sanctions would be an effective deterrent to his abusive filing behavior.

Thus, the undersigned has concluded that the only way to end plaintiff's abusive and frivolous litigation is to institute a restrictive pre–filing order. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) ("[W]hen there is . . . conduct in the course of litigation that could be

---

[9] See, e.g., Yegorov v. Counsulate of Ukraine in San Francisco, 2:14-cv-01886-KJM-EFB PS; Yegorov v. United States of America, 2:14-cv-03003-TLN-AC PS.

10

adequately sanctioned under the Rules, the court ordinarily should [take this course]."); but see Spain, 2010 WL 3940987, at *12 ("Especially because plaintiff has not heeded any of this court's prior warnings regarding the manner in which he has conducted this litigation, the need for a carefully circumscribed pre-filing order is readily apparent.").

### D. Narrowly Tailored Vexatious Litigant Order

In Molski, the Ninth Circuit approved the scope of a vexatious litigant order because it prevented the plaintiff from filing "only the type of claims [he] had been filing vexatiously," and "because it will not deny [him] access to courts on any . . . claim that is not frivolous." Molski, 500 F.3d at 1061. Here, in order to prevent the types of claims plaintiff has been filing vexatiously, the undersigned recommends the following pre–filing order:

a.) Any future filing, of any kind, by plaintiff in the United States District Court for the Eastern District of California shall contain the following words in all capital letters at the top of the front page: "PLAINTIFF HAS BEEN DECLARED A VEXATIOUS LITIGANT, AS PER CASE NO. 2:20-cv-10-TLN–KJN-PS." If a proposed filing does not contain that heading, the Clerk of the Court shall lodge (not file) the proposed filing, nor shall the court review it—any incomplete filings shall be returned to plaintiff without further action of the court;

b.) If plaintiff submits an action as a self-represented plaintiff accompanied by the required heading, the Clerk of the Court is directed to open the matter as a miscellaneous case to be considered by the General Duty Judge of this court. The Duty Judge shall then determine whether the case is in fact non-frivolous. If it is frivolous, the Duty Judge shall dismiss the action without comment, pursuant to this pre–filing order. If it is not frivolous, the Duty Judge shall order the Clerk to allow the complaint to be filed as normal; and

c.) The requirements of subparagraphs (a) and (b) shall be waived if plaintiff's filing is made on his behalf by a licensed attorney at law in good standing who signs the filing as the attorney of record for plaintiff.

The undersigned finds the scope of this order narrow enough to allow plaintiff access to the

courts, but broad enough to cover—and halt—his vexatious behavior. Molski, 500 F.3d at 1061

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Complaint (ECF No. 1) be DISMISSED WITH PREJUDICE;
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED as moot;
3. Plaintiff be DECLARED a Vexatious Litigant; and
4. The Court ISSUE a pre–filing order as described in Section II.D. above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 16, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dmit.10

12